Aurora LOPEZ, Petitioner

v.

ATTORNEY GENERAL OF
the UNITED STATES.

No. 09–1596.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) March 17, 2010.

Opinion filed March 24, 2010.

Before: SLOVITER, JORDAN and GREENBERG, Circuit Judges.

## OPINION

PER CURIAM.

Aurora Lopez, a citizen of Guatemala, petitions for review of a Board of Immigration Appeals ("BIA") order denying her application for cancellation of removal. The Government has filed a motion to dismiss the petition for lack of jurisdiction.

### I

Lopez was charged as removable and appeared before the Immigration Judge ("IJ") in 2007. She admitted to three of the four charges against her and conceded removability, but sought cancellation of removal under INA § 240A(b), 8 U.S.C. § 1229b(b) (2006). As grounds for relief, Lopez testified that her removal to Guatemala would create an exceptional and extremely unusual hardship on her son, Onar, an American citizen who was 20 years old at the time of the removal hearing.

The IJ denied relief, reasoning that, although Lopez satisfied the other requirements for cancellation of removal, she failed to demonstrate that her removal would impose an exceptional and extremely unusual hardship on her son. The BIA agreed and dismissed Lopez's appeal. Lopez then filed a petition for review, which prompted the Government's motion to dismiss.

### II

■ Pursuant to the REAL ID Act of 2005, courts lack jurisdiction to review the denial of discretionary relief, including cancellation of removal. See 8 U.S.C. § 1252(a)(2)(B). Whether the United States citizen child of an alien will suffer "exceptional and extremely unusual hardship," as required for cancellation of removal, is precisely such a discretionary determination. See INA § 240A(b)(1)(D); *Mendez–Moranchel v. Ashcroft*, 338 F.3d 176, 179 (3d Cir.2003). Accordingly, we lack jurisdiction to review the Agency's decision that Lopez failed to demonstrate exceptional and extremely unusual hardship.

Nevertheless, we retain jurisdiction to review constitutional claims and questions of law raised in a petition for review. See § 1252(a)(2)(D). In her counseled petition for review, Lopez raises three arguments to avoid the jurisdictional bar. The Government counters that we lack jurisdiction because Lopez's purported questions of law are not colorable and she instead essentially takes issue with the IJ's and BIA's exercise of discretion. For the reasons discussed below, we agree with the Government and will dismiss the petition for review on that basis.

■ First, Lopez contends that the IJ misapplied the standard for determining whether she demonstrated an exceptional and extremely unusual hardship. In making that determination, an IJ must consider hardship factors in the aggregate. See *Matter of Monreal–Aguinaga*, 23 I. & N. Dec. 56, 63–64 (BIA 2001) (discussing the factors the Agency should consider in assessing an exceptional and extremely unusual hardship). Lopez contends that the IJ failed to consider the aggregate factors in her case, but instead focused on the fact that Onar's father, who lives near him in New Jersey, could provide him with support. Lopez's argument lacks merit. Both the IJ and BIA expressly considered a range of factors—including Onar's age, education, ability to work, and support

from other relatives, including his father, who lived nearby—in determining that the requisite hardship had not been demonstrated.

Second, Lopez argues that, in denying relief, the BIA improperly considered that her son "aged out" during the pendency of her appeal, as he turned 21 during that time. Her argument is vague and somewhat confusing, as she seems to use "aged out" in an inapt context. At most, we can read her use of the term "aged out" to suggest that the Board wrongly determined that her son was not a qualifying relative because cancellation applications may not be based on hardship to United States citizen children aged 21 or older. *See* 8 U.S.C. § 1101(b)(1) (defining a child as an unmarried person under 21 for purposes of the INA); *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1144–45 (9th Cir.2002) (holding that a person 21 years of age or older is not a "child," for purposes of cancellation of removal). In its opinion, the BIA simply noted that Onar "was 20 years of age at the time of the hearing below and turned 21 during the course of this appeal." A.R. 2. We agree with the Government that this passing reference to Onar's age provides no basis to conclude that the Board denied relief on that basis.

Finally, Lopez argues that the BIA violated her constitutional right to due process by failing to adhere to Board precedent, instead "interpret[ing] the law in any willy nilly way it wants." Brief for the Petitioner, 6. However, Lopez fails to provide any useful elaboration on this claim. *See id.* at 5–6. In concluding that Lopez failed to demonstrate an exceptional or extremely unusual hardship, the BIA cited two precedential opinions—*Matter of Monreal–Aguinaga,* and *Matter of Andazola–Rivas,* 23 I. & N. Dec. 319 (BIA 2002)—both of which discuss the standard for

demonstrating such a hardship. There is plainly nothing improper about the Board's reliance on these cases, and nothing in the record supports Lopez's vague contention that the BIA ran afoul of the legal standards set forth in those cases—or any other controlling law—in denying her request for cancellation of removal.

Accordingly, we will dismiss the petition for review.